IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ROY THOMAS ROBINSON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    Case No. _____ |
| | ) |
| AT&T SERVICES, INC. and | ) |
| AT&T, INC., | ) |
| | ) |
|     Defendants. | ) |

## COMPLAINT

For his Complaint against Defendant AT&T Services, Inc. ("AT&T Services") and AT&T, Inc. ("AT&T"), Plaintiff Roy Thomas Robinson ("Robinson") states as follows:

## INTRODUCTION

Section 510 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1140, prohibits employers from firing employees for the purpose of interfering with the attainment of plan rights. Robinson, a 50-year old, 22.88-year employee of AT&T Services, was less than 50 days away from becoming entitled to lifetime health and life insurance benefits when he was "surplused" in an admitted cost-cutting move. AT&T Services, at AT&T's behest, surplused Robinson to interfere with his attainment of ERISA-plan rights to life and health insurance and pension benefits. AT&T Services and AT&T violated Section 510 of ERISA, for which Robinson seeks equitable and other relief. AT&T Services and AT&T are continuing to implement the Surplus program in order to violate ERISA rights, necessitating injunctive relief.

1

## PARTIES, JURISDICTION, AND VENUE

1. Robinson is a resident of Shelby County, Alabama and was at all relevant times employed by AT&T Services in Jefferson County and Shelby County, Alabama.

2. AT&T Services, Inc. is a corporation organized and existing under the laws of Delaware, with a principal place of business in Texas. It has offices and thus a continuous physical presence in Alabama. Its agent for service of process is CT Corporation System, 2 North Jackson St. Ste. 605, Montgomery, AL 36104.

3. AT&T is a corporation organized and existing under the laws of Delaware, with a principal place of business in Texas. Its agent for service of process is CT Corporation System, 2 North Jackson St. Ste. 605, Montgomery, AL 36104. It has a continuous presence in Alabama.

4. This action is brought under the laws of the United States, specifically ERISA, and is thus properly brought in this Court under 28 U.S.C. § 1331.

5. Venue is proper in this action pursuant to 28 U.S.C. § 1391(b)(2). A substantial portion of the acts or omissions involved in this action occurred in this judicial district.

## FACTS

6. In late 2019, AT&T began planning a significant reduction in force for it and its affiliated companies (including AT&T Services), called its "Surplus" program. At least 3,400 jobs were to be cut – with employees to be "surplused" - in an effort to reduce operating costs. Those job cuts began in early 2020, but the COVID-19 pandemic delayed its implementation until mid-2020. It began in earnest within the past few months and is ongoing. Although AT&T solicited volunteers to step aside, AT&T and its affiliates do not necessarily accept the volunteer applications for severance - the Surplus program, then, is ultimately a program marked by involuntary severance of employment.

7. Under its various "Surplus" programs, employees of AT&T and its affiliated entities designated for "surplus" status (*i.e.* being let go) are eligible for certain benefits in various types and amounts, provided under plans governed by ERISA. Pertinent to this case is an employee benefit plan under ERISA called the Management Transition Program ("MTP"). Under the MTP, employees marked for Surplus status who are within two (2) years of the 25-year mark for standard eligibility for retiree benefits for health and life insurance – *i.e.* "surplused" employees with at least 23 years of tenure –can elect severance benefits of either (a) six (6) months' severance pay, or (b) three (3) months' severance pay plus lifetime retiree life, dental, and health insurance benefits, as well as product and service discounts (the "MTP Benefits").  The MTP benefits for Robinson equate, in part, to Robinson's obtaining individual health insurance coverage under the MTP for less than $150 per month, an amount drastically below open-market coverage (which costs upwards of $750 per month).

8. When AT&T and its affiliates surplus employees, the affected employee is typically called by the employee's supervisor and informed of the decision. Within a few hours, the employee is emailed a packet of material which includes an explanation of severance benefits, an election of severance benefit packages under the MTP (if the employee is eligible for MTP), and a comprehensive release of claims, which would likely encompass potential ERISA and employment-related claims. The releases are capable of being rescinded within seven days of their execution. Robinson did not sign or otherwise agree to any release of claims at any time.

9. Robinson is 50 years old. As of June 2020, he was a 22.88-year employee of AT&T Services, an affiliate of AT&T, needing less than 50 days to reach the 23-year mark.

10. Robinson was employed by AT&T Services as a Technical Sales Consultant 2NB (a "TSC"). There were 11 other TSCs on his team under one (1) supervisor, making a total of 12 TSCs.

11. In early 2000, When AT&T solicited employees to volunteer for Surplus status, Robinson investigated his tenure status to determine whether he could volunteer for Surplus status (i.e., whether he had reached the 23-year mark in order to retire and maintain lifetime health and life insurance). He learned he needed only a few months of additional service to be eligible for the MTP, so he did not volunteer. Three (3) of the 12 TSCs in his group volunteered for surplus status.

12. In February 2020, AT&T Services and AT&T bypassed the three volunteers in Robinson's group and surplused Robinson. Robinson was the only TSC in his group who was surplused. It has left Robinson ineligible for the MTP, and thus the MTP Benefits, by less than 50 days' service. AT&T and AT&T Services decided to surplus Robinson instead of any of the other three volunteers, and instead of any other member of his employee group, in order to save AT&T Services and AT&T the expense of Robinson's MTP Benefits. And in so doing, Defendants actually saved themselves more: as an AT&T veteran employee and a fairly high earner, AT&T Services was required to make contributions to Robinson's pension plan, a separate ERISA plan. Those mandatory contributions exceeded $1,200 per month, while Robinson was employed.

13. When he found out he had been surplused, Robinson made repeated inquiries to his supervisor and his supervisor for any short-term project which might extend his tenure; those supervisors told him they tried to obtain approval for such a project, but as his supervisor told him, the "word back from Dallas" (where AT&T is headquartered) was disapproval of any such special project. Robinson also applied for 19 additional positions within AT&T in an effort to obtain the remaining days for eligibility; he was not even granted one interview.

14. Robinson did not execute a release of claims, so in addition to the lost MTP Benefits, he has been deprived of the three months' severance pay under the MTP which was to accompany the MTP Benefits. Robinson's last day on payroll was June 12, 2020, less than 50 days away from his 23-year mark.

**COUNT ONE – ERISA § 510**
**INTERFERENCE WITH ATTAINMENT OF ERISA RIGHTS**

15. Robinson adopts by reference the allegations in paragraphs 6-14 above.

16. Robinson is a "participant" in the employee benefit plans of its employer AT&T Services and parent AT&T; AT&T Services and AT&T are "persons;" and the MTP is a "plan" within the meaning of ERISA § 510, 29 U.S.C. § 1140.

17. AT&T Services and AT&T discharged Robinson through the Surplus program for the purpose of interfering with Robinson's attainment of rights in the MTP, in violation of ERISA § 510, 29 U.S.C. § 1140. The Surplus program is in fact being implemented in order to deprive MTP plan participants of benefits those participants are due under the MTP Plan.

18. Because the Surplus program is ongoing, and AT&T Services and AT&T are currently violating and intend to continue violating ERISA-protected rights. Each day the Surplus program is ongoing, AT&T and AT&T Services are soliciting and obtaining comprehensive releases of claims, under which surplused employees are (during the severe economic downturn precipitated by the COVID-19 pandemic) being put to the impossible choice of signing releases in order to obtain any severance benefits at all – and then signing away ERISA-protected rights which have been violated.

19. As a proximate result of AT&T's and AT&T Services's violations of ERISA § 510, Robinson has been and continues to be damaged, in that he has been deprived of (a) his right to benefits. Under the MTP, including the MTP Benefits and cash compensation in the form of three

5

months' severance; and (b) ongoing additional pension benefits he would have received and would be receiving, but for having been discharged in violation of ERISA § 510.

WHEREFORE, Robinson prays the Court awards the following relief:

a. benefits under the MTP and pension plan, pursuant to 29 U.S.C. § 1132(a)(1) (in the form of the retiree health and life insurance benefits, and in the form of additional pension contributions due to the ERISA § 510 violation);

b. injunctive and other equitable relief, pursuant to 29 U.S.C. § 1132(a)(3), in the form of an injunction prohibiting Defendants from making Surplus decisions in a manner violative of ERISA § 510, and for any equitable relief needed to redress ERISA violations by Defendants in their Surplus program or necessary to obtain complete relief to Robinson;

c. attorneys' fees and costs to Robinson, pursuant to 29 U.S.C. § 1132(g)(1).

This the 20th day of July, 2020.

/s/ Wilson F. Green
Attorney for Roy Thomas Robinson

**OF COUNSEL:**
Wilson F. Green
**Wilson F. Green LLC**
2620 6th Street, Ste. 200 (35401)
P.O. Box 2536 (35403)
Tuscaloosa, Alabama
(205) 722-1018
wilson@wilsongreenlaw.com

Joseph E. Stott
Freddie N. Harrington
**Stott & Harrington P.C.**
2637 Valleydale Road, Ste. 100
Birmingham, AL 35244
(205) 573-0500
joe@stottharrington.com
freddie@stottharrington.com

**SERVICE INFORMATION:**

Defendants to be served by Certified Mail:

AT&T Services, Inc.
CT Corporation System
2 North Jackson St. Ste. 605
Montgomery, AL 36104

AT&T, Inc.
CT Corporation System
2 North Jackson St. Ste. 605
Montgomery, AL 36104


Pursuant to 29 U.S.C. § 1132(h) and Fed. R. Civ. P. 4(i), additional service is as follows:

U.S. Department of Labor
Office of the Solicitor of Labor
200 Constitution Avenue, N.W., Room S-2002
Washington, DC 20210

U.S. Department of Treasury
c/o Brian Callanan, General Counsel
1500 Pennsylvania Avenue, NW
Washington, D.C. 20220

Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

Prim Escanola, Interim United States Attorney
United States Attorney's Office, N.D. Ala.
1801 4th Avenue North
Birmingham, Alabama 35203