UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |  |
|---|---|---|
| **ROY THOMAS ROBINSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Civil Action Number |
| | ) | **2:20-cv-01027-AKK** |
| **AT&T SERVICES, INC., ET AL.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## **MEMORANDUM OPINION**

Roy Thomas Robinson brings this action against his former employer, AT&T Services, Inc. ("AT&T Services") and its parent company, AT&T, Inc. ("AT&T Inc."). Robinson alleges that AT&T Services, acting under AT&T Inc.'s direction, discharged him just two months before his eligibility for retirement benefits under AT&T Inc.'s employee benefits program, thereby violating § 510 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1140. Before the court are the defendant's motions to dismiss. Docs. 6; 7. For the reasons explained below, both motions are due to be granted.

**I.**

The court begins with a brief summary of the relevant facts as alleged in the complaint. Robinson had already worked for AT&T Services for over two decades when AT&T Inc. began downsizing its workforce and those of its subsidiaries,

including AT&T Services, under its "Surplus" program in 2020.  Doc. 1 at 2–3. Under this program, employees designated for surplus status are discharged, thereby reducing AT&T Inc.'s operating costs.  *Id.* at 2.  Although employees may ask to be "surplused," their employers need not honor such requests.  *Id.*  Surplused employees who have served for at least twenty-three years are eligible for benefits under the Management Transition Program ("MTP").  *Id.* at 3.  MTP eligible employees may elect to receive either six months' severance pay or three months' severance pay plus life, dental, and health insurance benefits, among various other benefits.  *Id.*

In early 2020, the defendants approached Robinson's department seeking volunteers to be surplused.  *Id.* at 4.  Although three of his colleagues volunteered, Robinson refused because he was months away from attaining twenty-three years of service, which would have made him eligible for benefits under the MTP.  *Id.*  Even so, the defendants surplused Robinson, bypassing the three volunteers.  *Id.*

Hoping to avoid being discharged before becoming eligible for benefits, Robinson asked his supervisors about the availability of stopgap work to extend his service.  *Id.*  Although his supervisors tried to help, they reported that the "word back from Dallas," AT&T's principal place of business, was that the decision was final.  *Id.*  Robinson applied for other positions within the AT&T umbrella, but he did not receive an interview.  *Id.*  He was less than fifty days short of reaching MTP

eligibility when AT&T Services removed him from its payroll. *Id.* at 5.

Robinson filed this action alleging that the defendants prevented him from receiving benefits under the MTP, in violation of § 510 of ERISA, 29 U.S.C. § 1140. Doc. 1. Robinson attempted service of process on the defendants through the clerk of court. Doc. 2. The clerk mailed summonses in both the defendants' names to CT Corporation in Montgomery, Alabama. Doc. 3. Those summonses were returned executed. Doc. 4. AT&T Inc. then moved to dismiss under Rules 12(b)(5), 12(b)(2), and 12(b)(6) of the Federal Rules of Civil Procedure for insufficient service of process, lack of personal jurisdiction, and failure to state a claim upon which relief can be granted. Doc. 6. AT&T Services simultaneously moved to dismiss for failure to state a claim. Doc. 7.

## II.

### A.

A Rule 12(b)(5) motion to dismiss tests the sufficiency of service of process. The plaintiff bears the burden of proving proper service when a defendant contests its sufficiency. *See Davis v. Country Cas. Ins. Co.,* 2013 WL 3874709, at *3 (N.D. Ala. July 25, 2013) (citing *Hyundai Merch. Marine Co. v. Grand China Shipping (Hong Kong) Co.,* 878 F. Supp. 2d. 1252, 1263 (S.D. Ala. 2012)).

### B.

To survive a nonresident defendant's motion to dismiss under Rule 12(b)(2),

"the plaintiff must establish a prima facie case of personal jurisdiction . . . by presenting enough evidence to withstand a motion for directed verdict." *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1317 (11th Cir. 2006).  When the defendant submits affidavits contesting personal jurisdiction, the plaintiff must "produce evidence supporting jurisdiction unless those affidavits contain only conclusory assertions that the defendant is not subject to jurisdiction."  *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002).  "The district court must accept the facts alleged in the complaint as true, to the extent they are uncontroverted by the defendant's affidavits."  *Snow*, 450 F.3d at 1317 (quoting *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990)).  If the complaint and affidavits conflict, the court "must construe all reasonable inferences in the plaintiff's favor."  *Id*.

## C.

When reviewing a motion to dismiss under Rule 12(b)(6), the court "must accept all facts in the complaint as true and view those facts in the light most favorable to the plaintiff."  *Sun Life Assurance Co. v. Imperial Premium Fin., LLC*, 904 F.3d 1197, 1207 (11th Cir. 2018).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  Although "detailed factual allegations" are not required, mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are

insufficient. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

### III.

### A.

AT&T Inc. argues first that Robinson's service was insufficient because he served an unauthorized agent, doc. 6-1 at 2, in particular, CT Corporation, doc. 4. In an affidavit attached to its motion to dismiss, AT&T Inc. attests that CT Corporation lacks authority to accept service on its behalf, though it is authorized to do so on behalf of AT&T Services.[1]  Doc. 6-2 at 4 ¶ 7. Robinson concedes that "CT [Corporation] did, in fact notify [him] that it is not authorized to accept service for AT&T [Inc.]." Doc. 10 at 2–3. He argues, however, that the time for perfecting service on AT&T Inc. has not expired. *Id.* at 3. That was true when Robinson filed his response to the defendants' motions to dismiss. But the 90 day time limit for service contained in Rule 4(m) of the Federal Rules of Civil Procedure has since elapsed by three months.

Robinson is correct that, in light of his failure to serve AT&T Inc., the court may either dismiss AT&T Inc. or "order that service be made within a specified time." Fed. R. Civ. P. 4(m). He has not, however, provided the court with any justification for extending his deadline to serve AT&T Inc. Instead, Robinson

---

[1] "A court may consider affidavits and other evidence supporting a motion to dismiss for insufficiency of service of process." *James v. City of Huntsville, Ala.*, No. 5:14-CV-02267-AKK-SGC, 2015 WL 3397054, at *3 (N.D. Ala. May 26, 2015).

explicitly declined to "cure the service deficiency" because he concedes that, under Eleventh Circuit precedent, his complaint also fails to state a claim against AT&T Inc. for violating ERISA § 510. Doc. 10 at 3. The court agrees with that concession.[2] Accordingly, the claims against AT&T Inc. are due to be dismissed both for insufficient service of process under Rule 12(b)(5) and for failure to state a claim under Rule 12(b)(6).[3] The court therefore need not consider AT&T Inc.'s third argument that the court lacks personal jurisdiction over it.

**B.**

The court next considers whether Robinson's claims against AT&T Services should be dismissed under Rule 12(b)(6) for failure to state a claim. This dispute centers on whether Robinson's complaint is deficient for failing to plead exhaustion

---

[2] The text of § 510 broadly makes it unlawful for "any *person* to discharge . . . a participant or beneficiary . . . for the purpose of interfering with the attainment of any right to which [he] may become entitled." 29 U.S.C. § 1140 (emphasis added). But notwithstanding the statute's use of the word "person," the Eleventh Circuit "held long ago that a claim under 29 U.S.C. § 1140 (ERISA § 510) 'lies only against [an] employer.'" *Halperson v. Liberty Life Assurance Co. of Bos.*, 2006 WL 8432704, at *5 (N.D. Ga. Feb. 24, 2006) (Carnes, J.) (quoting *Byrd v. MacPapers, Inc.*, 961 F. 2d 157, 161 (11th Cir. 1992)). Thus, because Robinson admits that AT&T Inc. is not his employer, he has not stated a claim against this defendant.

[3] Robinson concedes that he has not stated a § 510 interference claim against AT&T Inc. Doc. 10 at 8. However, he suggests that "the Eleventh Circuit may eventually need to overrule" its *Byrd* decision, which limited the class of § 510 defendants to employers. *Id.* (citing *Byrd*, 961 F.2d at 161). He adds that *Byrd* is an "outlier" and that its analysis is "thin gruel" and "obviously wrong." *Id.* Although the court rejects the tone of these statements, Robinson has a point. Most circuits have rejected *Byrd*. *See Manuel v. Turner Indus. Grp., L.L.C.*, 905 F.3d 859, 870 n.10 (5th Cir. 2018) (collecting cases). Robinson thus requests that the court certify the issue of *Byrd*'s vitality for an interlocutory appeal under 28 U.S.C. § 1292(b). Doc. 11 at 2. Regardless of the merits of that request, however, the court declines to do so because Robinson never served AT&T Inc. with process.

of administrative remedies.  *See* doc. 7 at 2.  Well-established Eleventh Circuit precedent holds that "plaintiffs must exhaust their remedies under the pension plan agreement before they may bring their ERISA claims in federal court." *Mason v. Cont'l Grp., Inc.*, 763 F.2d 1219, 1227 (11th Cir. 1985).  This holding "applies equally to claims for benefits and claims for violation of ERISA itself." *Bickley v. Caremark RX, Inc.*, 461 F.3d 1325, 1328 (11th Cir. 2006).  Moreover, the Circuit applies the "exhaustion requirement strictly and recognize[s] narrow exceptions only based on exceptional circumstances." *Perrino v. S. Bell Tel. & Tel. Co.*, 209 F.3d 1309, 1318 (11th Cir. 2000).  Those circumstances include "[1] where resort to an administrative scheme is unavailable or would be 'futile,' or [2] where the remedy would be 'inadequate.'" *Id.*  Failure to plead either exhaustion of administrative remedies or an applicable exception results in dismissal of the plaintiff's complaint. *Byrd*, 961 F.2d at 160–61; *Variety Children's Hosp., Inc. v. Century Med. Health Plan, Inc.*, 57 F.3d 1040, 1042 n.2 (11th Cir. 1995).

Robinson does not plead that he exhausted administrative remedies or that he should be excused from doing so.  *See generally* doc. 1.  Instead, he contends in his response to the motion to dismiss that that no administrative remedies are available to him.  He initially argued that the MTP did not contain any known procedures for him to exhaust.  Doc. 10 at 9.  But now that Robinson has reviewed the MTP, he

argues instead that the remedies do not apply to his claims.[4]  Doc. 13 at 2–6.  His arguments to that effect consist mostly of parsing the language of the MTP's relevant provisions.  *Id.* at 3–6.  Additionally, Robinson makes a brief futility argument in a footnote, contending that even if the MTP procedures applied, "the procedures would also be futile, given Defendants' refusal even to consider Robinson's applications for 19 different internal jobs for which he applied in the months after they surplused him."  *Id.* at 6 n.2.

Even assuming these arguments have merit, they ultimately stem from a mistaken premise that unavailability of administrative remedies lessens Robinson's pleading requirements.  Although Robinson agrees that the Eleventh Circuit "generally requires the pleading of exhaustion or futility," he contends that this rule applies only when "administrative remedies actually exist and apply."  Doc. 13 at 2.  For support, he cites *Springer v. Wal-Mart Assoc. Group Health Plan*, which recognized that ERISA plaintiffs "must normally exhaust *available* administrative remedies" before proceeding to federal court.  908 F.2d 897, 899 (11th Cir. 1990) (emphasis added).

As explained, futility based on lack of applicable administrative remedies is

---

[4] Robinson makes this argument in a surreply, doc. 13, which was not authorized in the Court's briefing schedule, *see* doc. 9.  Although Robinson did not request leave to file the surreply, the court will not strike the document because it contains additional information regarding the availability of administrative remedies under the MTP.  This decision does not prejudice the defendants because they apparently already possessed this information and declined to share it until after Robinson's response brief was due.  *See* docs. 10-1 at 1–2; 12 at 4; 13 at 2–3.

one of the "narrow exceptions" to the exhaustion requirement. *Perrino*, 209 F.3d at 1318. However, that does not excuse Robinson from pleading that unavailability of administrative remedies rendered exhaustion futile. *See Variety Children's Hosp., Inc.*, 57 F.3d at 1042 n.2 (affirming the dismissal of a plaintiff who "failed to plead that exhaustion [was] waived because it would be futile"). Thus, because Robinson "did not allege anything about whether [he] pursued any available relief under the claims procedures terms" outlined in the MTP, his complaint fails to state a claim against AT&T Services. *Byrd*, 961 F.2d at 160–61.

To evade dismissal, Robinson argues in passing that he gets "*at least* one shot at a curative amendment under" the Eleventh Circuit's decision in *Bank v. Pitt*, 928 F.2d 1108 (11th Cir. 1991). Doc. 10 at 10 (emphasis in original). *Bank* held that "[w]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." 928 F.2d at 1112. The reliance on *Bank* is misplaced. First, the dismissal here will be without prejudice, in part, to allow Robinson to exhaust any available remedies. Second, the Circuit explicitly overruled *Bank* in *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541 (11th Cir. 2002). Under *Wagner*, "[a] district court is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court." *Id.* at

9

542. Here, Robinson did not move to amend or request leave to do so. Nor did he amend his complaint as of right within twenty-one days after receiving the defendants' motions to dismiss. *See* Fed. R. Civ. P. 15(a). Instead, he chose to "sit idly by as he awaited the district court's determination with respect to a Rule 12(b)(6) motion to dismiss." *Wagner*, 314 F.3d at 543. Accordingly, his claim against AT&T Services is due to be dismissed.

## IV.

To conclude, the defendants' motions to dismiss, docs. 6; 7, are due to be granted. The court will do so in an order issued contemporaneously with this memorandum opinion.

**DONE** the 20th day of January, 2021.

                                    _____
                                    **ABDUL K. KALLON**
                                    UNITED STATES DISTRICT JUDGE